```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


SYED K. RAFI
     - Plaintiff

                                    CIVIL NO. 3:14-cv-01582 (VLB)

YALE UNIVERSITY SCHOOL OF MEDICINE,
DR. RICHARD LIFTON
     - Defendants
```

### RECOMMENDED RULING ON MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff, who is *pro se*, filed this action against Dr. Richard Lifton (Lifton) and Yale University School of Medicine (YSM). In his complaint, the petitioner alleges a "defensive deceptive plan" where defendants actively sabotaged the employment opportunities that the plaintiff may have had throughout the entire country. The "defensive deceptive plan", as alleged by the plaintiff, was initiated by the defendants in order to escape a potential discrimination claim being brought by a third party. He brings suit under Title VII of the Civil Rights act of 1964, specifically 42 U.S.C.A. § 2000e-3(a), alleging, among other things, retaliation by defendants for participating in past employment discrimination claims.

In bringing this action, the plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Dkt. # 2. The statute states that, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 19156(a). For the reasons set forth below, it is the recommendation of this court that the petitioner's motion to proceed *in forma pauperis* is **DENIED**.

I. **Legal Standard**

In determining whether to grant an application to proceed *in forma pauperis*, a two-step process is utilized. Brazeau v. Travis, No. 96-cv-0783, 1996 WL, at *1 (N.D.N.Y. July 9, 1996). Step 1 of the process requires the court to determine whether or not the petitioner's financial status merits proceeding with the action without prepaying the requisite filing fee. Id. If the court finds that the petitioner's financial status is weak enough to merit proceeding without prepaying the required filing fee, the court must proceed to Step 2. In this step, the court

must consider if the complaint is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. Id.

## II. Discussion

Upon review of the financial affidavit submitted by the petitioner, the court finds that he does not satisfy the first prong of analysis. The petitioner is currently employed by Kansas University Medical center as a Research Associate, and commands an hourly wage of 15 dollars per hour. See Dkt. # 2. Petitioner claims to net 1,379.92 dollars a month, which is supported accurately by his pay slip from University of Kansas Medical Center. See Dkt. # 2. While the petitioner complains of significant financial obligations and negative account balances, his financial affidavit indicates manageable financial obligations not unfamiliar to many Americans across the country. The negative account balance that the petitioner indicates in his financial affidavit shows only a deficit of 39 cents in one of his accounts. See Dkt. #2. The other accounts that the petitioner has provided have been closed and show a balance of 0.00 dollars, while one account maintained a positive balance of over 100 dollars before it was closed, and all accounts only show a month's worth of banking activity. See Dkt. #2. Such sparse banking records make a determination of his true savings

difficult, and force consideration of his request to hinge primarily on his stated income and financial responsibilities.

As stated above, the petitioner's net income per month is roughly 1,379.2 dollars. The petitioner has further represented that his financial obligations are 1,185 dollars a month, which means that his income currently out paces his financial obligations, including his payment of monthly installments against his debt. See Dkt. #2.

Meager as it may be, the petitioner, through his financial affidavit, has signified that he makes 194 dollars a month in excess of his financial obligations. It should further be noted that the petitioner, based on his current monthly salary, can expect to net 16,559.04 dollars per year, which is significantly above the Poverty guidelines set by the U.S. Department of Health and Human services, which provides a guideline of 11,670 dollars of income a year in order for a single person to be considered impoverished. (Annual Update of the HHS Poverty Guidelines, 79 FR 3593-01).  While, "it has long been established that a party need not be penniless in order to invoke forma pauperis" In re Smith, 600 F.2d 714, 716 98th Cir. 1979)*quoting* Sejeck v. Singer Mfg. Co., 113 F.Supp. 281 (D.N.J.1953), the issue, "does not hinge upon the ease of payment, for no litigant views the payments of costs as anything other than an unpleasant ancillary to the prosecution of a

federal claim." Ginters v. Frazier, No. CIV.07-4681JMR/RLE, 2008 WL 314701, at *2 (D. Minn. Feb 4, 2008). Instead, the decision whether to grant a motion to proceed *in forma pauperis* should focus on the petitioner's ability to, "satisfy the initiation costs of their Federal action without substantially depleting their financial resources." Id. In this case, while the petitioner has limited funds, the expenditures here are not of such enormity as to prohibit the petitioner access to the court if his motion to proceed *in forma pauperis* is denied.

### III. Conclusion

It is therefore, the opinion of this court that the petitioner's affidavit does not establish that he is unable to prepay fees and costs or offer security therefore. See Sears Roebuck Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988)(denying IFP status for a *pro se* defendant who estimated his net income at around 20,000 dollars). On the contrary, his affidavit indicates that he is able to pay the filing fee.

As the petitioner does not satisfy the financial requirements of § 1915, the court need not examine the complaint to determine if it is frivolous within the meaning of the statute.

The court finds that for the foregoing reasons, the petitioner's motion to proceed *in forma pauperis* is **DENIED.**

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 12**$^{\text{th}}$ **day of November, 2014.**

                                        **s/s Thomas P. Smith** _____
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**